IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**GARY B. WILLIAMS,**

    Plaintiff,

v.                                                 Civil Action No. **3:09CV499**

**SHERIFF'S DEPT. CITY OF PORTSMOUTH,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia inmate, submitted this action and requested leave to proceed *in forma pauperis*. Plaintiff has at least three actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief could be granted. *See e.g.*, *Williams v. Vliet*, 3:05cv621 (E.D. Va. June 8, 2006); *Williams v. Cavedo*, 3:05cv842 (E.D. Va. Feb. 23, 2006); *Williams v. City of Richmond*, 3:04cv747 (E.D. Va. Aug. 17, 2005). Accordingly, by Order entered on August 10, 2009, the Court denied Plaintiff leave to proceed *in forma pauperis* and ordered him to pay the full filing fee within eleven (11) days. 28 U.S.C. § 1915(g).

On August 13, 2009, the Court received Plaintiff's reply to the Memorandum Order of August 10, 2009. Plaintiff argues that he does not actually have three strikes because the Court "necessarily validated the merits in those actions when it denied the attorney general's motion to dismiss on July 8, 2006, [*Williams v. Mitchell*, 3:05cv765], a habeas corpus proceeding, and later still finding merit to the claims in the petition, which mirrored many of the same allegations in the civil suits, especially that of *Williams v. Cavedo*, 3:05cv842." (Pl.'s Resp. Aug. 13, 2009 Order ¶ 3.) Plaintiff, however, misrepresents the course of the previous litigation. The Court never made any finding that Plaintiff's habeas petition contained meritorious claims, and granted a renewed motion to dismiss upon receipt of Respondent's supplemental brief. *Williams v.*

*Mitchell*, 3:05cv765 (E.D. Va. Feb. 16, 2007). Plaintiff also generally complains that his current incarceration is not safe. Plaintiff's vague allegations do not demonstrate that Plaintiff is in imminent danger of serious physical harm. *See* 28 U.S.C. § 1915(g).

Finally, Plaintiff argues that:

> A civil suit that isn't dismissed with prejudice and doesn't specifically state that it is being dismissed as frivolous, malicious, or because of failure to state a claim upon which relief could be granted may not be subsequently . . . construed as such for the purpose of denying a[n] inmate the right to proceed *in forma pauperis* in a civil action under 42 U.S.C. § 1983.

(Pl.'s Resp. to Aug. 13, 2009 Order ¶ 2.) Plaintiff fails, however, to refer specifically to any of the three "strikes," much less identify which of them should not count as a strike, or why. Each of the cases were dismissed as legally frivolous or for failure to state a claim.[1] Therefore, because Plaintiff is not entitled to proceed *in forma pauperis*, and has failed to pay the full filing fee, Plaintiff's complaint will be DISMISSED WITHOUT PREJUDICE.

An appropriate Order will accompany this Memorandum Opinion.

Date: OCT 2 0 2009
Richmond, Virginia

/s/
Richard L. Williams
United States District Judge

---

[1] A dismissal without prejudice may not constitute a "strike" unless a case was dismissed as legally frivolous. *McLean v. United States*, 566 F.3d 391, 400 (4th Cir. 2009). Although one of the cases was dismissed without prejudice, that case was dismissed as legally frivolous because Plaintiff's theories of recovery were "based upon an 'indisputably meritless legal theory.'" *Williams v. City of Richmond*, No. 3:04cv747, at 1 (E.D. Va. Aug. 17, 2005) (*quoting Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992)). Specifically, Plaintiff's claims were dismissed on the grounds that Plaintiff's claims were not cognizable under 42 U.S.C. § 1983 because he sought damages relating to then-pending criminal proceedings. *Id.* at 2-3 (explaining that such a "complaint must be dismissed unless the plaintiff can show that the conviction or sentence already has been invalidated") (*citing Heck v. Humphrey*, 512 U.S. 477, 487 (1994)); *see also id.* at 5-6 (*citing Heck*, 512 U.S. 477, and *Younger v. Harris*, 401 U.S. 37 (1971)).

2